■ In the Matter of JOSE VAZQUEZ, Respondent, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Appellants. [710 NYS2d 62] —Judgment, Supreme Court, New York County (Louis York, J.), entered April 16, 1999, granting the petition and ordering the Police Department, *inter alia*, to retroactively designate petitioner as a detective, unanimously reversed, on the law, without costs, and the petition dismissed.

In August 1993, petitioner was a uniformed patrol officer assigned to the 84th precinct. On November 20, 1995, the Police Commissioner, in Personnel Order No. 369, temporarily assigned petitioner to the Robbery Identification Program (RIP) in the 84th Precinct, where he performed the duties of an investigator in the RIP. On July 2, 1996, the Police Commissioner, in Personnel Order No. 211, terminated petitioner's assignment to RIP and reassigned him as a patrol officer in the 84th Precinct. Sergeant James Pisaniello of the 84th Precinct's RIP unit recommended petitioner's retention in the RIP unit because of petitioner's allegedly serious health condition. Departmental records indicated that petitioner suffered from a "serious disorder with extreme complications" resulting from surgery. Captain Joseph McGrann, the Commanding Officer of the 84th Precinct, told Sergeant Pisaniello that petitioner would be permitted to assist the RIP unit but was to be designated a "support officer" and that at no time was petitioner to perform the function of an investigator. In February, 1997, Captain McGrann evaluated petitioner as a "police officer." On May 28, 1997, Captain McGrann learned that petitioner might have been performing the duties of an investigator in contravention of Personnel Order No. 211, and he directed that petitioner be assigned to a patrol squad.

Petitioner commenced the within CPLR article 78 proceeding and asserted in the petition that he was entitled to be designated a detective on May 20, 1997, the 18-month anniversary "of his assignment" to investigative duties, pursuant to section 14-103 (b) (2) of the Administrative Code of the City of New York, with retroactive seniority and salary benefits.

In their answer, respondents contended that petitioner's performance of investigative duties was in contravention of the Police Commissioner's July 2, 1996 Personnel Order No. 211, and was performed outside the scope of the special temporary assignment authorized by Captain McGrann, and that petitioner was not entitled to promotion to detective under the statute.

In its decision dated July 13, 1998, the IAS Court granted the petition in its entirety, holding that Administrative Code § 14-103 (b) (2) was not limited in its applicability to situations in which the officer was temporarily assigned to investigative duties by the Police Commissioner, and that respondents' allegation that petitioner disobeyed orders by the Police Commissioner and Captain McGrann in an effort to promote himself to detective was without foundation in the record. The court further held that even had petitioner attempted to self promote, respondents could not rely on their own failure to supervise petitioner to avoid their responsibilities under the statute.

Section 14-103 (a) of the Administrative Code of the City of New York authorizes the Police Commissioner to designate "as many members of the force as the commissioner may deem necessary" to perform detective duties and may at any time revoke any such detail. The statute further provides that if a permanent police officer performs the investigative duties of a detective for a period exceeding 18 months, then the officer shall be appointed to detective and receive the compensation paid to detectives who ordinarily perform such duties (Administrative Code § 14-103 [b] [2]).

The IAS Court erroneously adopted petitioner's argument that the statute, by its terms, does not limit its applicability to situations in which the officer is assigned by the Police Commissioner, and that petitioner's assignment to investigative duties by any officer superior to him satisfies the statutory requirement. The statute clearly confers upon the Police Commissioner the authority to detail police officers to investigative duties and to designate them as detectives. This authority is long standing and nothing here supports a different result (*see*, *McGowan v Mayor of City of N. Y.*, 53 NY2d 86, 94-95). It is undisputed that the Police Commissioner specifically terminated petitioner's assignment to RIP prior to the passage of 18 months in that assignment and reassigned him as a patrol officer effective July 2, 1996. Petitioner's interpretation of the statute would have the Commissioner's order be superceded by the unauthorized directive of a subordinate officer, i.e., a sergeant, a result which flies in the face of the unambiguous statute and the hierarchical structure of the Police Department. Concur—Tom, J. P., Ellerin, Lerner, Andrias and Saxe, JJ.